JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SIMON & SCHUSTER, INC.

**(b)** County of Residence of First Listed Plaintiff   New York County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph I. Fontak, Leader Berkon Colao & Silverstein LLP
1515 Market Street, Suite 1200, Philadelphia, PA 19102
(215) 755-0455

## DEFENDANTS
PACKAGING CONSULTANTS ASSOCIATED, INC.

County of Residence of First Listed Defendant   Camden County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 (diversity jurisdiction)
Brief description of cause:
Negligence resulting in property damage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,800,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

JUN 19 2019

DATE 6/19/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-CV-2679

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1230 Avenue of the Americas, New York, New York 10020

Address of Defendant: 7300 N. Crescent Boulevard, Building #14, Pennsauken Township, New Jersey 08110

Place of Accident, Incident or Transaction: 709 William Leigh Drive, Tullytown, Pennsylvania 19007

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/19/2019      _____      310087
                      Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. ☑ All other Diversity Cases
    *(Please specify):* Negligence

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Joseph I. Fontak, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/19/2019      _____      310087
                      Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

JUN 19 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SIMON & SCHUSTER, INC. | : | CIVIL ACTION |
| v. | : | |
| PACKAGING CONSULTANTS ASSOCIATED, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 6/19/19 | JOSEPH I. FONTAK | SIMON & SCHUSTER, INC. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 755-0455 | (215) 405-2999 | jfontak@leaderberkon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 19 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------X

SIMON & SCHUSTER, INC.,

         Plaintiff,

   -against-

PACKAGING CONSULTANTS ASSOCIATED, INC.,

         Defendant.

------------------------------------X

Case No._____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Simon & Schuster, Inc. ("Simon & Schuster"), by and through its attorneys, Leader Berkon Colao & Silverstein LLP, as and for its Complaint against defendant Packaging Consultants Associated, Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action to recover losses to Simon & Schuster's personal property as a result of a fire caused by Defendant's negligence in providing maintenance services to a shrink wrap machine. Defendant failed to exercise the reasonable care called for by applicable industry standards or otherwise required under the circumstances. As a result of Defendant's negligence in performing maintenance services on the shrink wrap machine, a fire started at the shrink wrap machine, causing damage to Simon & Schuster's personal property and resulting in monetary and incidental damages to Simon & Schuster in an amount to be proven at trial but not less than $1.8 million (excluding any offsets if applicable).

## PARTIES

2. Simon & Schuster is a corporation formed under the laws of the State of New York and has its principal place of business at 1230 Avenue of the Americas, New York, New York 10020.

3. Upon information and belief, Defendant is a corporation formed under the laws of the State of Delaware with its principal place of business at 7300 N. Crescent Boulevard, Building #14, Pennsauken Township, New Jersey 08110.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the parties.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the action occurred in this District.

## STATEMENT OF FACTS

6. Simon & Schuster is a publisher of books in printed, digital, and audio formats to a worldwide audience of readers.

7. Dahill Packaging, Inc. ("Dahill") was, at all times relevant herein, a packaging and storage provider.

8. Simon & Schuster stored inventory, comprised of corrugated materials and finished goods, including books (collectively, the "Simon & Schuster Materials"), at a facility operated by Dahill located at 709 William Leigh Drive, Tullytown, Pennsylvania 19007 (the "Facility"). The Simon & Schuster Materials were stored in the Facility until such time as they were packaged or used for packaging and sent to end customers through instructions or orders submitted to Dahill by Simon & Schuster.

9. Defendant is a supplier of packaging materials and equipment, for which Defendant also provides installation and maintenance services.

10. Defendant was engaged by Dahill to perform maintenance services on equipment in the Facility, specifically, a Galileo-brand shrink wrap machine (the "Shrink Wrap Machine").

11. Dahill engaged Defendant to perform maintenance services on the Shrink Wrap Machine on or about September 22, 2017.

12. On September 22, 2017, Defendant's employee and/or agent provided maintenance services on the Shrink Wrap Machine. Defendant's employee and/or agent reported that the machine was in need of a new "power control board."

13. The next morning, on September 23, 2017, a fire started at the Shrink Wrap Machine (the "Fire"), causing great destruction and damage to the Facility, including to the Simon & Schuster Materials. A true and correct copy of the Tullytown Fire Marshall Report (the "Fire Marshall Report") on the Fire is attached hereto as Exhibit A and incorporated herein by reference.

14. According to the Fire Marshall Report, on the day of the Fire, Rich Longhitano, a Dahill employee, entered the Facility at approximately 7:00 a.m. and "[t]urned on the power button for the Galeo [sic] Shrink Wrap Machine," which was "plugged into a 220volt [sic] outlet located nearby on the steel column." See Exh. A.

15. After turning on the power to the Shrink Wrap Machine, Mr. Longhitano did not otherwise touch or tamper with the Shrink Wrap Machine. Mr. Longhitano then began his business for the day. See Exh. A.

16. After "15 to 20 minutes," Mr. Longhitano "went back to the warehouse," where he "saw the [Shrink Wrap] machine was on fire." See Exh. A. Upon discovering the Fire, Mr. Longhitano "ran back to check the machine and saw a lot of smoke, at that time the Police showed up and told [him] to get out of the building." See Exh. A.

17. According to the Fire Marshall Report, "the origin of the fire was around or near the Shrink Wrap [M]achine," based on "the burn patterns in the warehouse" and Mr. Longhitano's statement. *See* Exh. A.

18. The Fire was caused by the negligent acts and/or omissions of Defendant.

19. Specifically, Defendant failed to perform the maintenance services in accordance with applicable codes and industry standards.

20. Defendant failed to perform the maintenance services in accordance with the degree of care required under the circumstances.

21. Defendant failed to repair the Shrink Wrap Machine in accordance with applicable codes and industry standards.

22. Defendant failed to repair the Shrink Wrap Machine in accordance with the degree of care required under the circumstances.

23. Defendant violated and/or failed to comply with applicable codes and industry standards.

24. Defendant failed to properly hire, train, and supervise competent employees, agents, and/or subcontractors.

25. Defendant failed to adequately instruct its employees, agents, and/or subcontractors as to the proper way(s) to perform the tasks for which it was engaged.

26. Defendant failed to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of its tasks.

27. Defendant selected and contracted with individuals and entities that are not properly trained and/or unprepared to properly perform the tasks in conformity with applicable codes and industry standards.

28. Defendant selected and contracted with individuals and entities that are not properly trained and/or unprepared to properly perform the tasks in conformity with applicable controls.

29. Defendant otherwise failed to exercise reasonable care under the circumstances.

30. As a result of the Fire, Simon & Schuster incurred substantial damage and destruction to its personal property, comprised of the Simon & Schuster Materials stored at Dahill's Facility, as well as incidental damages.

## COUNT I

### NEGLIGENCE

31. Simon & Schuster repeats and re-alleges the allegations contained in Paragraphs 1 through 30 as if fully set forth at length herein.

32. At all relevant times, Defendant agreed with Dahill to provide maintenance services for the Shrink Wrap Machine at the Facility.

33. Defendant had a duty to Simon & Schuster to exercise reasonable care in the performance of maintenance services.

34. Defendant failed to exercise reasonable care in the performance of the maintenance work on the Shrink Wrap Machine at the Facility, including, but not limited to:

      a. causing and/or failing to prevent the Fire;

      b. failing to perform the maintenance services in accordance with applicable codes and industry standards;

      c. failing to perform the maintenance services in accordance with the degree of care required under the circumstances;

d. failing to repair the Shrink Wrap Machine in accordance with applicable codes and industry standards;

e. failing to repair the Shrink Wrap Machine in accordance with the degree of care required under the circumstances;

f. violating and/or failing to comply with applicable codes and industry standards;

g. failing to properly hire, train, and supervise competent employees, agents, and/or subcontractors;

h. failing to adequately instruct its employees, agents, and/or subcontractors as to the proper way(s) to perform the tasks for which it was engaged;

i. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of its tasks;

j. selecting and contracting with individuals and entities that are not properly trained and/or unprepared to properly perform the tasks in conformity with applicable codes and industry standards;

k. selecting and contracting with individuals and entities that are not properly trained and/or unprepared to properly perform the tasks in conformity with applicable controls; and

l. otherwise failing to exercise reasonable care under the circumstances.

35. Defendant's negligence proximately caused the Fire and resulting damages.

36. As a direct and proximate result of Defendant's negligence, Simon & Schuster sustained damage to its personal property in an amount to be determined at trial but not less than $1.8 million.

37. As a direct and proximate result of Defendant's negligence, Simon & Schuster suffered inconvenience and the loss of use of its property, and the imposition of additional incidental expenses.

WHEREFORE, Simon & Schuster demands judgment in its favor and against Defendant in an amount to be determined at trial but not less than $1.8 million, plus interest, the costs of this suit, and such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Simon & Schuster demands a trial by jury on the count and as to all issues.

Dated: June 19, 2019

                              LEADER BERKON COLAO &
                              SILVERSTEIN LLP

By: _____
GLEN SILVERSTEIN
(pro hac vice motion to be filed)
gsilverstein@leaderberkon.com
JOSEPH I. FONTAK
(PA Bar No. 310087)
jfontak@leaderberkon.com
JACOB F. KRATT
(PA Bar No. 316920)
jkratt@leaderberkon.com
630 Third Avenue, 17th Floor
New York, New York 10017
P: (212) 486-2400
F: (212) 486-3099

*Attorneys for Plaintiff Simon & Schuster, Inc.*

7

# BOROUGH OF TULLYTOWN
## OFFICE OF THE FIRE MARSHAL
### 500 MAIN STREET
### TULLYTOWN, PA 19007
### PHONE 215-945-1560 • FAX 215-945-4522

| | |
|---|---|
| INCIDENT: | #FD1714004 |
| DATE: | September 23, 2017 |
| LOCATION: | 709 William Leigh Dr.<br>Tullytown, Pa. 19007 |
| CALL RECEIVED: | 07:10 |
| CALL TYPE: | Building Fire |
| OWNER INFORMATION: | Building: D.C.J. Inc.<br>661 River Rd.<br>Tullytown, Pa. 19007<br><br>Business: Dahill Packaging Inc.<br>P.O. Box 517<br>Ambler, Pa. 19002-517 |

**BUILDING DESCRIPTION:** The structure, involved in this fire incident, is a light industrial building; approximately 10 years old. The structure measured approximately 90 feet wide and 90 feet deep and 25 feet high. The construction consisted of masonry walls and a steel deck flat asphalt roof.

Upon inspection of the scene, along the interior perimeter walls, there were several large shelving units stocked with corrugated boxes full of print reading material. Packaging machines and three electric powered lift trucks in the middle of the warehouse area. Several offices are located along the front of the fire building. The fire patterns show the origin of the fire was around or near the Shrink Wrap machine.

**WITNESS STATEMENT:** Rich Longhitano (D.O.B -03/31/45)
On Saturday 9/23/17, at approximately 7:00 am, entered the building from a door located at an adjacent building in 713 William Leigh Drive, turned on the lights in the office area, and then for the warehouse. Turned on the power button for the Galeo Shrink Wrap Machine. This machine was plugged into a 220volt outlet located nearby on the steel column. Then proceed to go to the restroom located near the offices. Then went to the office to get the work orders for the day and picked up the packing stickers for the same order, then went back to the office and started the workorder file. Then went back to the warehouse (15 to 20 minutes later) and saw the machine was on fire and ran back to the office, then ran back to check the machine and saw a lot of smoke, at that time the Police showed up and told me to get out of the building.

**SUPPLEMENTAL STATEMENT:** On Thursday 9/21/17 Rich stated that the Galeo Shrink Wrap machine would not turn on. Rich did not work on Friday 9/22/17.

Based on the burn patterns in the warehouse area and the witness statement it is this investigator's opinion that this fire started around the area of the Galeo Shrink Wrap Machine. However, it is undetermined as to exactly how this fire started.

**DAMAGE ESTIMATE:**
Building & Contents - Approx. $ 2,000,000.00

**BUSINESS INSURANCE INFO:** Cincinnati Insurance Company
Policy #EPP 0081863

Photographs of the scene were taken.

Case closed.

Robert C. Jones
Tullytown Borough Fire Marshal